City of Burlington v. Dennison.

*For reversal*—None.

CITY OF BURLINGTON, PLAINTIFF IN ERROR, v. JOHN N. DENNISON, DEFENDANT IN ERROR.

1. Where the charter of a municipal corporation commits the decision of a matter to the common council, and is silent as to the mode, such decision may be made by resolution, and need not be by ordinance.
2. The appointment of a committee to make the purchase of a fire-engine, is plenary· evidence of the determination of the council to make the purchase; the passage of an ordinance or resolution is not required.
3. A common council may delegate power to a committee to act for it, and a contract made by such committee will bind the corporation.
4. Approval of the mayor of the proceedings of a city council, is essential to their validity only by special requirement of the charter. Under the charter of the city of Burlington, the requiring such approval is restricted to ordinances, and does not include resolutions of the council.

On error to the Supreme Court. This case was tried at the Essex Circuit, before Mr. Justice Depue and a jury, and a verdict rendered for the plaintiff, Dennison, for $4086.96.

For the plaintiff in error, *F. Voorhees* and *J. W. Taylor.*

For the defendant in error, *A. Flanders.*

The opinion of the court was delivered by

GREEN, J. This was an action brought to recover the price of a steam fire-engine, alleged to have been built by

Dennison for the city of Burlington, pursuant to a written contract between them. A verdict was found, and judgment rendered in favor of the plaintiff, and the cause comes before us upon exceptions taken to the charge of the justice who tried the cause. After a careful examination, I have been unable to find any error either in the charge itself or in the refusals to charge as requested by the counsel of the city.

The main question is whether the plaintiff has a valid contract binding on the corporation. The first objection raised is that the contract is invalid, because it was not made or authorized by ordinance, but only by resolution of council. To this, it is a sufficient answer that nothing in the charter requires that any contract should be made by ordinance. Where a charter commits the decision of a matter to the council, and is silent as to the mode, the decision may be made by resolution, and need not be by ordinance. *State* v. *Jersey City*, 3 *Dutcher* 493. Contracts made in a similar mode have been repeatedly sustained by our Supreme Court. In *Bigelow* v. *City of Perth Amboy*, 1 *Dutcher* 297, the action was brought to recover the value of a lot of flag-stone sold to the city. Prior to the purchase, the city council had resolved that a large quantity of flag-stone should be provided for the use of the city, and the mayor was appointed to carry the resolution into effect. The contract was made by the mayor, under the resolution, and was sustained by the court.

In *Green* v. *City of Cape May*, 12 *Vroom* 45, the action, as in this case, was brought to recover the price of a fire-engine, and it was objected that the proceedings relative to the purchase were by resolution, and not by ordinance. The court held that the city could exercise its power either by resolution or ordinance, when not restrained to a particular method, and sustained the contract.

Secondly, it is contended that the council never decided to purchase a fire-engine, and that no ordinance or resolution was ever passed, showing such decision or determination. The appointment of a committee to purchase the engine, is plenary evidence of the determination of council to make the

purchase. A similar objection was raised in the case of State *v. Jersey City,* above cited, in relation to the action of council in reference to the construction of a sewer. It was there objected that the council did not decide, as required by the charter, that the sewer was required for the benefit or convenience of the citizens. It was, however, held that, when council decide that a sewer ought to be constructed, they virtually decide that it is required for the benefit or convenience of the citizens.

It is contended, in the third place, that the council could not delegate the power to make the contract to a committee, but that the specific terms of the contract, as negotiated, must be either previously authorized by council or afterwards adopted by them. This objection is fully answered by the cases in the Supreme Court heretofore cited. The general rule on the subject is clearly and tersely stated in *Dillon on Mun. Corp.,* §§ 60, 374, as follows: "The principle that municipal powers or discretion cannot be delegated, does not prevent a corporation from appointing agents and empowering them to make contracts, nor from appointing committees and investing them with duties of a ministerial or administrative character. The authorized body of a municipal corporation may bind it by an ordinance or resolution, or may, by vote, clothe its officers, agents or committees with power to act for it, and a contract made by persons thus appointed by the corporation will bind it."

It is further objected that the resolution under which the committee acted is void because it was not presented to the mayor for his approval. Approval by the mayor of the proceedings of a city council is essential to their validity only by special requirement of charter. The charter of Burlington requires that ordinances should be presented to the mayor for approval before going into effect, but does not include resolutions. In the cases in this state and in California where such proceeding was held essential, the charters expressly include resolutions in the requirement. The case of *Kepner* v. *Com.,* 40 *Penna. St.* 124, relied on by the plaintiff in error,

is contrary to all the other adjudged cases, and can only be sustained on the peculiar and ambiguous phraseology of the charter of the city of Harrisburg.

The question of the performance of the contract on the part of the plaintiff was fairly submitted to the jury, and the principle upon which damages should be assessed was correctly stated.

The judgment should be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DIXON, KNAPP, REED, MAGIE, SCUDDER, DODD, GREEN, LATHROP, WALES—11.

*For reversal*—None.